UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION & RETIREMENT FUND, by its Trustees,
John Bulgaro, Daniel W. Schmidt, Michael Scalzo, Sr.,
Tom J. Ventura, Bob Schaeffer, Brian Hammond,
Mark May and Paul Markwitz,

           Plaintiffs,     Case No.: 5:15-cv-320
vs.                     (FJS-ATB)

DRY ICE CORP., AMERICAN COMPRESSED
GASES, INC., TRUCAR LEASING CORP.,
GOLDFINCH REAL ESTATE CORP., WHITE OAK
REAL ESTATE CORP., ORIOLE REAL ESTATE
CORP., HICKORY HILLS CARDINAL REAL ESTATE,
AND ANY AND ALL UNNAMED MEMBERS
OF THEIR CONTROLLED GROUP,

           Defendants.

## CONSENT JUDGMENT AND ORDER

The Plaintiffs, New York State Teamsters Conference Pension and Retirement Fund and its Board of Trustees (collectively, the "Pension Fund"), filed a Complaint in this matter against the Defendant, Dry Ice Corporation ("Dry Ice"), on March 9, 2015. An Amended Complaint was filed by the Pension Fund against Dry Ice and others on September 14, 2015. The Pension Fund and Dry Ice now make the following offer of proof with Dry Ice hereby consenting to the entry of a Judgment and Order against it by this Court in accordance therewith.

  A.  Dry Ice admits that this Court has jurisdiction over it and over the subject matter of this action; that this Court has the authority to enter this Order; and that this Court is the proper venue for any enforcement of the within Order.

  B.  Dry Ice further admits and concedes that:

1. It was party to a collective bargaining agreement which, by its terms, required it to make contributions to the Pension Fund on behalf of certain of its employees and was also signatory to a participation agreement with the Pension Fund which further required it to make contributions to the Pension Fund on behalf of certain of its employees.

2. As such party, Dry Ice had "an obligation to contribute" to the Pension Fund as that term is defined in 29 U.S.C. §1392(a).

3. On or about April 1, 2013, Dry Ice permanently ceased all covered operations under the Pension Fund Plan and/or permanently ceased to have an obligation to contribute to the Pension Fund Plan on behalf of certain of its employees. Consequently, as Plan sponsor, the Pension Fund determined that Dry Ice had thereby affected a "complete withdrawal" from the Plan as defined in 29 U.S.C. §1383 and triggered a withdrawal liability in the sum of $4,083,653.88.

4. By letter dated July 10, 2013, the Pension Fund notified Dry Ice and all members of its controlled group that they owe an employer withdrawal liability in the sum of $4,083,653.88, provided a schedule of interim payments and demanded payment in a lump sum or in accordance with said payment schedule.

5. Said July 10, 2013 'Notice and Demand for Payment of Employer Withdrawal Liability' letter was received by Dry Ice at its address 39 McClellan Street, Newark, N.J. 07114.

6. American Compressed Gases, Inc. ("ACG") and the remaining non-Dry Ice Defendants assert that the July 10, 2013 correspondence did not provide notice of any withdrawal liability on the behalf of the non-Dry Ice Defendants, because in part these companies had separated from Dry Ice in 2012. The Pension Fund disputes these assertions.

7. On or about September 9, 2013, Dry Ice began making interim monthly payments of the assessed withdrawal liability in accordance with the plan sponsor's aforementioned schedule.

8. On October 7, 2013, Dry Ice made a request for review pursuant to 29 U.S.C. §1399(b)(2)(A)(i) of ERISA.

9. On November 11, 2013, the Pension Fund sent Dry Ice and its Controlled Group members a notice of revised withdrawal liability that increased the withdrawal liability to $4,161,876.14 and correspondingly increased the amount of the interim monthly payments.

10. ACG and the remaining non-Dry Ice Defendants assert that the November 11, 2013 correspondence did not provide notice of any revised withdrawal liability on the behalf of the non-Dry Ice Defendants, because in part these companies had separated from Dry Ice in 2012. The Pension Fund disputes these assertions.

11. On November 12, 2013, the Pension Fund responded to Dry Ice's request for review pursuant to 29 U.S.C. §1399(b)(2)(B).

12. On or about April 15, 2014, Dry Ice made written request to the Pension Fund to modify or suspend the interim payments it was making on the basis of financial hardship and provided financial information to the Pension Fund in support of that request.

13. Before the Pension Fund could act on Dry Ice's request to modify or suspend interim payments, on or about May 8, 2014, Dry Ice unilaterally ceased making monthly interim payments to the Pension Fund.

14. At a Board of Trustees' meeting on May 23, 2014, the Pension Fund considered and denied Dry Ice's request for a modification and/or suspension of its interim payments and instead rightfully declared a "default" under Section 6, E, 2(b) and (e) of the Pension Fund's Policies and Procedures For Contributing Employers ("Policies") and under 29 U.S.C. §1399(c)(5)(B) ("Default").

15. Said declared Default was based on the financial information Dry Ice provided to the Pension Fund which included, among other things, details of a 2012 transaction that allegedly "separated" Dry Ice from its controlled group members, along with information that led the

Pension Fund to determine that Dry Ice was unable to pay its debts as they became due and its creditworthiness was materially impaired.

16. By letter dated June 2, 2014, the Pension Fund formally notified Dry Ice of the Default and demanded full payment of the outstanding withdrawal liability in the amount of $2,713,194.33.

17. To date, Dry Ice has not paid said outstanding balance of the withdrawal liability or any portion thereof. Nor has any such payment been made to the Pension Fund by any person, company or entity on Dry Ice's behalf.

18. By reason of Dry Ice's default, the withdrawal liability became accelerated and due and owing to the Pension Fund in the sum of $2,713,194.33, together with interest, an additional award of the greater of interest or liquidated damages, costs and reasonable attorneys' fees as provided in 29 U.S.C. §§1399(c)(2), (c)(5), 1132(g)(2), 1401(b)(1) and 1451(b).

19. To date, Dry Ice has never demanded arbitration to contest any determination of the Pension Fund relates to the assessed employer withdrawal liability as prescribed under 29 U.S.C. §1401(a)(1).

20. Said failure to timely demand arbitration accelerates the subject withdrawal liability and renders same due and owing to the Pension Fund in the sum of $2,713,194.33 together with interest, an additional award of the greater of interest or liquidated damages, costs and reasonable attorneys' fees as provided in 29 U.S.C. §§1399(c)(2), (c)(5), 1132(g)(2), 1401(a)(1) and (b)(1) and 1451(b).

C. By reason of the foregoing, Dry Ice consents to the entry of this Judgment and Order by this Court as set forth below; waives any and all claims of any nature whatsoever that it has or may have against the Pension Fund or any of its trustees, administrators, managers, agents, employees, representatives or attorneys arising out of or in connection with this action; and waives its right to any appeal from this Consent Judgment and Order.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that:

1. This Court has jurisdiction over the parties to this Order and the subject matter of this action.

2. The Pension Fund shall hereby be granted a Judgment against Dry Ice for the unpaid employer withdrawal liability in accordance with 29 U.S.C. §§1132(g)(2)(A), 1399(e)(2) and (5)(B) and 1451(b) in the amount of $2,713,194.33; for interest in accordance with 29 U.S.C. §1132(g)(2)(B) in the amount of $403,928.98; for an additional award of interest in accordance with 29 U.S.C. §1132(g)(2)(C) in the amount of $403,928.98; and for costs and attorneys' fees in accordance with 29 U.S.C. §1132(g)(2)(D) in the amount of $58,766.40 for a total judgment in the amount of $3,579,818.49 ($2,713,194.13 + $403,928.98 + $403,928.98 +$58,766.40).

3. Dry Ice shall not be entitled to any costs, attorneys' fees or any other relief from the Plaintiffs herein.

4. Dry Ice shall and does hereby waive any and all claims of any nature whatsoever that it has or may have against the Pension Fund or any of its trustees, administrators, managers, agents, employees, representatives or attorneys arising out of or in connection with this action.

5. Dry Ice shall and does hereby waive its right to any appeal from this Consent Judgment and Order.

6. This Order shall not in any way prejudice the Pension Fund with respect to any of its claims against any of the other named or unnamed defendants in this action.

7. This Court shall retain jurisdiction of this matter for purpose of enforcing compliance with the terms of this Consent Judgment and Order.

The Pension Fund moves for entry of the Judgment

Dry Ice's consent to entry of the Judgment

**Paravati, Karl, Green & DeBella, LLP**

**Fox Rothschild, LLP**

/s/ Vincent M. DeBella
Vincent M. DeBella, Esq. (101465)
12 Steuben Park
Utica, New York 13501
p. (315)735-6481
f. (315)735-6406
E-mail: *vdebella@pkgdlaw.com*

/s/ James Lemonedes
James Lemonedes, Esq. (519451)
100 Park Avenue, 15th Floor
New York, New York 10017
p. (212)878-7918
f. (212)692-0940
E-mail: *jlemonedes@foxrothschild.com*

IT IS SO ORDERED:

[signature]

Frederick J. Scullin, Jr.
Senior U.S. District Judge

Dated: December 23, 2015
Syracuse, NY